IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
HELENE AVANT,                        :
    Plaintiff,                       :
        v.                            :   CIVIL ACTION NO. 15-2998
                                     :
                                     :
SOCIAL SECURITY ADMINISTRATION,      :
    Defendant.                       :
_____ :

## ORDER

**AND NOW**, this 10th day of February 2017, upon careful and independent consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review [Doc. No. 11], Defendant's Response [Doc. No. 12], Plaintiff's Reply [Doc. No. 13], and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski [Doc. No. 16], to which no objections were filed, the Court finds that the administrative record contains insufficient evidence to support the findings of fact and conclusions of law of the Administrative Law Judge ("ALJ").

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk shall **REMOVE** the case from civil suspense;

2. The Report and Recommendation [Doc. No. 14] is **APPROVED** and **ADOPTED** for the reasons set forth therein,[1] and the relief requested in Plaintiff's request for review is **GRANTED**; and

---

[1] The ALJ found that Plaintiff was not disabled under the Social Security Act, denying Plaintiff's 2012 claim for Disability Insurance Benefits. In her appeal, Plaintiff argued that the ALJ erred in (1) evaluating the medical opinion evidence; (2) assessing Plaintiff's credibility; and (3) posing an improper hypothetical question to the vocational expert ("VE"). Upon a thorough review of the record, Magistrate Judge Sitarski found that the ALJ improperly weighed the medical opinion evidence of two doctors, and recommended that the matter be remanded to remedy the error. In concluding that Plaintiff is not entitled to benefits, the ALJ gave great weight to the opinion of Dr. Small and gave little weight to the opinions of Drs. Machowsky and Grubb. First, with regard to Dr. Grubb, a general physician who treated Plaintiff, the ALJ thoroughly explained her decision that Dr. Grubb's opinion as to

3. The case is **REMANDED** to the Commissioner for further review consistent with the Report and Recommendation and the accompanying Memorandum Opinion pursuant to the fourth sentence of 42 U.S.C. § 405(g).

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

Plaintiff's physical impairments was contradicted elsewhere in the record and that Dr. Grubb's opinion regarding Plaintiff's mental impairments was less reliable because he is not a specialist in mental health treatment.  The Court agrees with the R&R that the ALJ's conclusions regarding Dr. Grubb are supported by substantial evidence, and remand is not necessary with respect to Dr. Grubb.  Second, the ALJ misconstrued treatment notes of Dr. Machowsky, a consultative psychological examiner, and two other doctors in arriving at her decision to afford Dr. Machowsky's opinion little weight.  As noted in the R&R, the ALJ "cherry picked" areas of Dr. Machowsky and others' treatment notes regarding Plaintiff's sleep difficulties to support her decision.  *Compare* R. at 33 (ALJ concluding Plaintiff has "normal sleep") *with* R. at 661-666 (medical report describing Plaintiff's sleep changes, suicidal plan, nightmares, and flashbacks).  Finally, with regard to Dr. Small, the Court agrees with the R&R that the ALJ should not have afforded great weight to his opinion because his evaluation of Plaintiff occurred before the onset of Plaintiff's mental impairments.  *See Malone v. Barnhart*, No. CIV A 05-2991, 2008 WL 4155707, at *7 (E.D. Pa. Aug. 14, 2008) (finding medical opinion based on evaluation performed before the onset of impairment not a sufficient basis to support ALJ's conclusion).  Though Magistrate Judge Sitarski did not reach Plaintiff's second or third argument, she recommended that the ALJ carefully examine Plaintiff's mental health treatment notes on remand, as reconsideration of those records could affect the ALJ's conclusion regarding Plaintiff's credibility and choice of hypothetical question for the VE.  Based on the filings and record in this case, the Court agrees that the case should be remanded for further proceedings consistent with the R&R.